IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LUCIOUS JOHNSON**<br><br>v.<br><br>**CSX INTERMODAL TERMINALS, INC.** and **CITY OF PHILADELPHIA.** | **CIVIL ACTION**<br><br>**NO. 20-113** |

**MEMORANDUM**

**Baylson, J.**                                                                                        **April 21, 2019**

### I.   INTRODUCTION

This Negligence Action arises from injuries Plaintiff Lucious Johnson allegedly suffered after falling in a hole at Defendant CSX Intermodal Terminals, Inc.'s ("CSXIT") property. Plaintiff filed a Complaint in the Philadelphia Court of Common Pleas, alleging two counts of Negligence under Pennsylvania state law—one against CSXIT and the other against the City of Philadelphia. (ECF 1, Ex. A ("Compl.").) CSXIT timely removed the Action to this Court. (ECF 1 ("Notice of Removal").) Presently before the Court is Plaintiff's Motion to Remand. (ECF 9.) For the reasons stated below, Plaintiff's Motion will be denied.

### II.   FACTUAL AND PROCEDURAL HISTORY

In his Complaint, Plaintiff alleges that he was at CSXIT's location at 3400 South Christopher Columbus Boulevard "making a delivery when he fell in a hole in the ground on his way back from the bathroom, causing him to fall and sustain serious injuries . . . ." (Compl. ¶ 7.) Initially, in 2018, Plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia County based on this incident, naming only CSXIT as a defendant. (Notice of Removal, Ex. B.)

1

Plaintiff voluntarily dismissed that Complaint after CSXIT removed it to this Court.  (Notice of Removal, Ex. C.)

Plaintiff filed the current Complaint in the Court of Common Pleas of Philadelphia County, this time naming both CSXIT and the City of Philadelphia as defendants.  (Notice of Removal, Ex. A.)  CSXIT is a Delaware corporation with its principal place of business in Florida, (Notice of Removal ¶ 14), and the City of Philadelphia is considered a citizen of Pennsylvania because it is a municipality within the Commonwealth of Pennsylvania.  Plaintiff is a Pennsylvania citizen.  (Compl. ¶ 1.)

CSXIT filed a Notice of Removal to this Court, which the City of Philadelphia did not oppose.  (ECF 1.)  Plaintiff filed a Motion to Remand to State Court, (ECF 9), and CSXIT filed an Opposition to Plaintiff's Motion, (ECF 15.)

### III. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action filed in a state court may be properly removed if the federal court would have had original jurisdiction over the action.  District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between [] citizens of different States." 28 U.S.C. § 1332(a)(1); McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006). Section 1332 requires complete diversity, meaning that "every plaintiff must be of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

A plaintiff may move to remand a removed case back to state court pursuant to 28 U.S.C. § 1447(c) for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure."  PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993).  The party who "urges jurisdiction on a federal court"—in the case of removal, the removing defendant—"bears

the burden of proving that jurisdiction exists . . . ." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). "[T]he removal statute should be strictly construed and all doubts should be resolved in favor of remand." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985).

When federal jurisdiction is based on diversity, and a non-diverse party has been joined as a defendant, the case may remain in federal court if the removing defendant can demonstrate that the non-diverse party was improperly joined. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). A party is improperly joined "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." Id. (quoting Boyer, 913 F.2d at 111).

In evaluating whether a party has been improperly joined, "the district court must 'focus on the plaintiff's complaint at the time the petition for removal was filed . . . .'" Id. (quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)). All factual allegations must be considered as true, Steel Valley, 809 F.2d at 1010, and "any uncertainties as to the current state of controlling substantive law [must be resolved] in favor of the plaintiff." Boyer, 913 F.2d at 111.

**IV.    DISCUSSION**

CSXIT removed Plaintiff's Complaint on the basis of diversity jurisdiction. (Notice of Removal ¶ 12.) Because Plaintiff and the City of Philadelphia are both citizens of Pennsylvania, there is not complete diversity between the parties on the face of the Complaint. However, CSXIT contends that the City of Philadelphia was improperly joined because it is immune from suit. (CSXIT's Opp'n to Pl.'s Mot. to Remand 2.) If the City of Philadelphia is immune, and is

removed from the diversity analysis, there would be complete diversity between the remaining parties.

Generally, under Pennsylvania law, the City of Philadelphia is immune from suit. Pennsylvania's Political Subdivision Tort Claims Act ("PSTCA") provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. § 8541. The City of Philadelphia is a local agency for purposes of the PSTCA, and thus is generally entitled to governmental immunity. Weinerman v. City of Philadelphia, 785 F.Supp. 1174, 1178 (E.D. Pa. 1992) (Bartle, J.). If that immunity applies here, Plaintiff's decision to join the City of Philadelphia would be improper, and his Motion to Remand will be denied. See Markham v. Ethicon, Inc., No. 19-5464, 2020 WL 372147, at *4–5 (E.D. Pa. Jan. 22, 2020) (denying the plaintiff's motion to remand because the non-diverse defendant was immune from suit and thus improperly joined).

The City of Philadelphia's immunity is subject to several limited exceptions. See generally 42 Pa.C.S. § 8542. At issue here is an exception that permits the imposition of secondary liability for injuries caused by "[a] dangerous condition o[n] sidewalks within the rights-of-way of streets owned by [a] local agency" if the plaintiff establishes that the agency had actual or constructive notice of the dangerous condition and an opportunity to remedy it. 42 Pa.C.S. § 8542(b)(7) (the "sidewalk exception"). Plaintiff argues that the City of Philadelphia was properly joined as a defendant under this exception. (ECF 9-1, Mem. in Supp. of Mot. to Remand 22–23.)[1]

---

[1] Because the Memorandum attached to Plaintiff's Motion to Remand omits page numbers, pincite references correspond to the pagination assigned by the ECF system to Plaintiff's Motion (ECF 9).

4

To fall within the sidewalk exception, however, Plaintiff's injuries must have been caused by "the physical condition of the sidewalks themselves . . . ." Finn v. City of Philadelphia, 664 A.2d 1342, 1345 (Pa. 1995). Plaintiff alleges in his Complaint that he "was lawfully at the [S. Christopher Columbus Boulevard property] as a business invitee making a delivery when he fell in a hole in the ground on his way back from the bathroom, causing him to fall and sustain serious injuries . . . ." (Compl. ¶ 7.) As to the City of Philadelphia, Plaintiff alleges that the accident "resulted solely from the negligence, carelessness, and recklessness of [the City]" and notes that the City of Philadelphia "retains/maintains power and authority to require installation and repair of the sidewalk along S. Christopher Columbus Boulevard, within the city limits of Philadelphia." (Compl. ¶¶ 18, 20.)

Here, Plaintiff's Complaint alleges that he was on CSXIT property when he fell in a hole, (Compl. ¶ 7), not that he was on a sidewalk owned by the City of Philadelphia. Nowhere in the Complaint does Plaintiff allege any facts that would suggest that his injuries were caused by the physical condition of the City of Philadelphia's sidewalks, as would be necessary for his claim to fall within the ambit of the sidewalk exception. Because Plaintiff has not alleged any facts connecting his injuries to a dangerous condition on a sidewalk owned by the City of Philadelphia, the facts as alleged do not support a colorable claim against the City. Thus, this Court finds that the City of Philadelphia was improperly joined as a defendant.

Having concluded that the City of Philadelphia was improperly joined and should therefore be excluded from the diversity analysis, there is complete diversity between the remaining parties as Plaintiff is a citizen of Pennsylvania and CSXIT is a citizen of both Delaware and Florida. Plaintiff's Motion to Remand will be denied.

## V. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand will be denied. An appropriate Order follows.

O:\CIVIL 20\20-113 Johnson v CSX\20cv113 Memo re Motion to Remand.doc